DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOME ALLY FINANCIAL, LLC,**
Appellant,

v.

**STANLEY ROSEN**, **UNKNOWN SPOUSE OF STANLEY ROSEN** n/k/a
**MELANIE ROSEN, 21st MORTGAGE CORPORATION, AS MASTER
SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON
SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR KNOXVILLE 2012**
f/k/a **RESIDENTIAL FUNDING COMPANY, LLC, BANK OF AMERICA,
NA, LEGENDS AT WESTON HILLS COUNTRY CLUB CONDOMINIUM
ASSOCIATION, INC., THE TOWN FOUNDATION, INC.,** and
**UNKNOWN TENANT IN POSSESSION OF SUBJECT PROPERTY,**
n/k/a **RITA NASTA,**
Appellees.

No. 4D18-3155

[September 25, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Senior Judge; L.T. Case Nos. CACE12-031840 & CACE14-019680.

Mark A. Levy of Brinkley Morgan, Fort Lauderdale, for appellant.

Jonathan Kline of Jonathan Kline, P.A., Weston, for appellee Stanley Rosen.

KUNTZ, J.

One year after a junior lienholder filed a notice of voluntary dismissal of its claims, the borrower moved to vacate the voluntary dismissal, and instead enter an involuntary dismissal, because the junior lienholder impermissibly included an additional case number on the notice of voluntary dismissal. The court granted the borrower's motion. We reverse.

## Background

Home Ally Financial, a junior lienholder, and Residential Funding Company, a senior lienholder, separately filed foreclosure lawsuits against a defaulting borrower. The senior lienholder moved to consolidate, and the circuit court consolidated the two lawsuits. The consolidation order noted that the original case was administratively closed and instructed that all filings were to be entered under the consolidated case number.

The circuit court granted the senior lienholder's summary judgment motion against the junior lienholder, which rendered the junior lienholder's claims moot. Because its claims were moot, the junior lienholder filed a notice of voluntary dismissal.

Six months after the notice of voluntary dismissal was filed, the borrower moved for attorney's fees. The court denied the motion. Three months later, the borrower filed a renewed motion for fees, arguing excusable neglect led to the six-month delay in the original fee motion. After a hearing, the court denied the renewed motion.

Exactly one year after the voluntary dismissal was filed, the borrower, citing Florida Rule of Civil Procedure 1.540(b)(1), moved to vacate the voluntary dismissal, and instead enter an involuntary dismissal. The court held a hearing, granted the borrower's motion, and entered a final judgment of dismissal of the junior lienholder's action. The court found the junior lienholder's notice of voluntary dismissal "fail[ed] to comply with the unambiguous language contained in the March 4, 2015 Consolidation Order and the November 29, 2016 Clarification Order" because the junior lienholder included the original case number as well as the consolidated case number in its notice of voluntary dismissal. The court found that this "error" was "procedurally improper and contained substantive mistakes, necessitating entry of this Final Judgment of Dismissal and Order."

## Analysis

The junior lienholder appeals the court's judgment entered after it granted the borrower's motion.[1] The court found that the junior lienholder

---

[1] Only the judgment that resulted from the motion is at issue in this appeal. The borrower did not appeal the original order denying his motion for fees. He did appeal the order denying the renewed motion for fees but voluntarily dismissed that appeal.

violated the consolidation order because it had included the case number of the original case, before consolidation, on the voluntary dismissal.

But the "error" here does not seem so significant. In fact, we question whether the junior lienholder even erred. The junior lienholder did not file the notice of voluntary dismissal with an incorrect case number. Instead, in an abundance of caution, the junior lienholder filed the notice of voluntary dismissal with an additional case number. It included both the number for the original case and the consolidated case. And the junior lienholder also filed the dismissal notice in both cases. This belt-and-suspenders approach hardly shows a failure to comply with the consolidation order. Thus, factually, the court erred in granting the motion.

The court also erred as a matter of law. The borrower did not move to vacate the junior lienholder's voluntary dismissal within a reasonable amount of time after the filing of the voluntary dismissal. Florida Rule of Civil Procedure 1.540(b) requires a moving party to file a motion to vacate a judgment "within a reasonable time" and, for excusable neglect, "not more than 1 year after the judgment, decree, order, or proceeding was entered or taken." Before the motion at issue, the borrower filed two motions seeking fees, both relating to the voluntary dismissal. It was not reasonable to wait until exactly one year after the voluntary dismissal was filed to seek relief—at least not on the grounds raised in the borrower's motion.

### *Conclusion*

The court's judgment is reversed, and the case is remanded with instructions to reinstate the junior lienholder's notice of voluntary dismissal.

*Reversed and remanded with instructions.*

LEVINE, C.J., and GERBER, J., concur.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***